ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV
2007 JUL -5 P 4:01
CLERK

| | | |
|---|---|---|
| RICHARD LEE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-032 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983. At all times relevant to the events which form the basis of this lawsuit, Plaintiff was an inmate at Johnson State Prison in Wrightsville, Georgia. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay a partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

# I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Georgia Department of Corrections; (2) Tony Washington, Warden of Johnson State Prison; (3) D. Marcus, Doctor at Southeast Georgia Retina Center; and (4) the Commissioner of the Georgia Department of Corrections. (Doc. no. 1).

Plaintiff's complaint alleges that he received inadequate medical treatment. Specifically, Plaintiff alleges that because he was experiencing problems with his vision, the Georgia Department of Corrections sent him to the Jackson Diagnostic and Classification Center on January 10, 2007. (Doc. no. 1, p. 5). According to Plaintiff, at this visit the optometrist discovered that both Plaintiff's eyes were hemorrhaging, and therefore Plaintiff was scheduled for an emergency consultation with an ocular surgeon. (Id.). Approximately one week after this initial doctor visit, Plaintiff was diagnosed, by Dr. Marcus, with histoplasmosis, a rare ocular disease. (Id.). Plaintiff states that on March 22, 2007, he had a cold-laser administered on both his eyes as part of his treatment. (Id.). According to Plaintiff, this treatment caused severe scarring in both eyes, especially his left one, loss of vision, hypersensitivity to light, and debilitating headaches. (Id.). He was informed by his doctors that this scarring was permanent. (Id.).

Plaintiff then requested that the Georgia Department of Corrections provide him with a second opinion. (Id.). He has not received any reply. Plaintiff asserts that the disease is progressing quickly, and he will be rendered blind if the problem is not addressed. (Id.).

2

Finally, Plaintiff offers that because the ocular damage has already been inflicted, utilizing the grievance process would be pointless. (Id. at 4).

## II. DISCUSSION

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. \_\_, 126 S.Ct. 2378, 2387 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 2385-86 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. \_\_, 126 S.Ct. 2978 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

3

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Here, Plaintiff admits that he has not utilized, let alone completed, the administrative grievance process prior to filing suit.

Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156. Thus, in light of Plaintiff's admission that he failed to properly exhaust administrative remedies, the instant complaint should be dismissed without prejudice.[2]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative

---

[2]The Court recognizes that the Supreme Court recently held that under the Prison Litigation Reform Act, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 127 S. Ct. 910 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 920-21; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed.

remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE