ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

RICHARD LEE STEWART, )
)
Plaintiff, )
)
v. ) CV 307-032
)
GEORGIA DEPARTMENT OF )
CORRECTIONS, et al., )
)
Defendants. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended dismissing Plaintiff's complaint for failure to exhaust administrative remedies because Plaintiff admitted that he had not utilized the grievance procedure. In his objections, Plaintiff now claims that he did attempt to utilize the grievance procedure, but prison officials did not respond to his informal grievance.[1] He has attached to his objections copies of the informal grievances that he filed.

According to Plaintiff, although he has filed an informal grievance, the designated response time has been exceeded. Notably, Plaintiff dated the complaint in this case May

---

[1] Plaintiff asserts that the discrepancy regarding his utilization of the grievance occurred because his failing eyesight causes him to need assistance writing, and the inmate who assisted him in writing his complaint included incorrect information about Plaintiff's grievance filing.

8, 2007, and it was filed by the Clerk of Court on June 1, 2007. (Doc. no. 1). Plaintiff's first informal grievance regarding his alleged inadequate medical treatment was filed on June 7, 2007.[2] Thus, Plaintiff filed his informal grievance, concerning the allegations raised in his complaint, approximately one month *after* he initiated this civil action. Because exhaustion of administrative remedies is a *precondition* to a properly filed § 1983 lawsuit, Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*), Plaintiff's claims are not properly before the Court. Accordingly, even though Plaintiff did file an informal grievance, because he started the grievance procedure after the commencement of this lawsuit, Plaintiff has failed to properly exhaust his administrative remedies.

Accordingly, the Report and Recommendation of the Magistrate Judge, as modified herein, is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action is **CLOSED**.

SO ORDERED this 5 day of September, 2007, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff filed an informal grievance on May 2, 2007, but the issue addressed in that grievance was his inability to receive mail concerning his eye disease. (Doc. no. 10, Attach., May 2, 2007 grievance). Notably, however, the allegations in this lawsuit involve medical treatment and not mail.

2